UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

NAREN CHAGANTI, et al.,

Plaintiffs,

v.

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA, et al.,

Defendants.

Case No. 19-CV-07493-LHK

**ORDER GRANTING MOTION TO
REMAND; DENYING REQUEST FOR
ATTORNEY'S FEES AND COSTS;
AND DENYING AS MOOT MOTION
TO DISMISS**

Dkt Nos. 10, 16

Plaintiffs Naren Chaganti, Whispering Oaks Residential Care Facility LLC, and
Whispering Oaks RCF Management Co Inc. (collectively, "Plaintiffs") bring this lawsuit against
Defendants Travelers Property Casualty Company of America ("Travelers"), Robert
Killingsworth, and Joseph Tancredy (collectively, "Defendants").  Before the Court are Plaintiffs'
motion to remand and request for attorney's fees and costs, and Travelers' motion to dismiss.
Having considered the parties submissions, the relevant law, and the record in this case, the Court
GRANTS Plaintiffs' motion to remand, DENIES Plaintiffs' request for attorney's fees and costs,
and DENIES Travelers' motion to dismiss as moot.

I.    **BACKGROUND**

1

United States District Court
Northern District of California

### A. Factual Background

Plaintiff Whispering Oaks Residential Care Facility LLC and Plaintiff Whispering Oaks RCF Management Co Inc. are Missouri businesses owned by Plaintiff Naren Chaganti. ECF No. 1-2 ("Compl.") ¶¶ 1–3. Chaganti has been a resident and citizen of California for at least five years. ECF No. 16-1 ("Chaganti Decl.") ¶ 1.

Defendant Travelers Casualty Insurance Company of America ("Travelers") is an insurance company incorporated and headquartered in Connecticut, ECF No. 3 ("Am. Removal") at 2. Defendant Joseph Tancredy worked as Travelers' insurance claim adjuster and is a citizen of California. Compl. ¶ 5. Defendant Robert Killingsworth worked as Travelers' insurance claim adjuster and is a citizen of Missouri. Compl. ¶ 6.

The suit stems from Plaintiffs' lease agreement with a third-party, Cricket Communications ("Cricket"), which provided that Cricket could utilize space on Plaintiffs' water tank for Cricket's telecommunication network. Compl. ¶¶ 7–9. The lease required Cricket to "provide Commercial General Liability Insurance in an aggregate amount of $1,000,000." *Id.* ¶ 10. Cricket claimed that it held such a policy with Defendant Travelers. *Id.* ¶ 11.

In January 2010, a frozen water pipe on Plaintiffs' property "resulted in substantial loss to the property and business of plaintiffs." *Id.* ¶ 19. Plaintiffs made a claim to Cricket, who referred the matter to Travelers. *Id.* ¶ 21. Thereafter, Plaintiffs allege that Travelers and its insurance claims adjusters, Tancredy and Killingsworth, misrepresented and concealed information regarding Cricket's insurance policy, its terms and provisions, and whether Plaintiffs were insured under the policy. *Id.* ¶ 23.

### B. Procedural History

In August 2013, Plaintiffs first filed suit in Missouri against Cricket, and the suit was dismissed without prejudice on December 9, 2014. Compl. ¶ 35. Travelers claims that the case did not last long and was dismissed because Chaganti, who represented Plaintiffs, lost his license to practice law in Missouri. Opp'n. at 2.

Subsequently, in November 2015, Plaintiffs filed suit against Cricket in California (the

2

"California suit"). Compl. ¶ 36. Plaintiffs allege that, during the California suit, Tancredy and Killingsworth testified that "Cricket in fact obtained a policy consistent with the lease and that the claims in the Cricket suit were 'covered' by the policy." Compl. ¶ 38. Plaintiffs allege that they were able to view Cricket's policy with Travelers for the first time in March 2018, when the policy was produced through discovery in the California suit. *Id.* ¶ 42. According to Travelers, the judge dismissed a portion of the case, and the jury ruled in Cricket's favor on the remainder. Opp'n. at 2-3. Plaintiffs allege that the case "is on appeal at the California Court of Appeal, Sixth District, and is likely to be remanded for a new trial." Chaganti Decl. ¶ 5.

On October 18, 2018, Plaintiffs filed the instant case against Defendants in California Superior Court for the County of Santa Clara. *See* Compl. Plaintiffs' Complaint asserts seven claims: (1) "declaratory judgment," (2) breach of contract, (3) breach of the duty of good faith and fair dealing, (4) "bad faith," (5) "misrepresentation and/or concealment of policy provisions," (6) "vexatious refusal to pay," and (7) "conspiracy to injure." *See* Compl. ¶¶ 43–79.

One year later, on October 15, 2019, Plaintiffs served the summons and Complaint on Defendant Travelers, which removed the instant case to this Court on November 14, 2019. ECF No. 1. Defendant Killingsworth was never served with the summons and complaint, *see* ECF No. 41, and the Court dismissed him from the case on March 12, 2020, ECF No. 45. As for Defendant Tancredy, the parties continue to dispute when or if Tancredy has been properly served with the summons and complaint. *See* ECF No. 35.

On November 21, 2019, Travelers filed a motion to dismiss for failure to state a claim. ECF No. 10. Plaintiffs' opposition was due on December 5, 2019. *See* ECF No. 19 (explaining that "existing briefing schedules for motions remain unchanged."). On December 12, 2019, Travelers filed a notice of non-opposition and reply. ECF No. 24.

On April 6, 2020, over four months after Plaintiffs' opposition was due, and after the Court already took the matter under submission, ECF No. 48, Plaintiffs purported to file their opposition to the motion to dismiss, in which they state "Plaintiffs apologize for the tardiness and respectfully

3

United States District Court
Northern District of California

beg the Court's indulgence and waive any timely filing requirement of this paper." ECF No. 49 at 1. However, Plaintiffs fail to provide any explanation whatsoever for their egregious lateness in filing the opposition. Travelers requests that the Court strike the opposition both based on the egregious lateness and because the opposition unfairly supplements Plaintiffs' pending motion to remand. ECF No. 50. The Court agrees with Travelers and finds that consideration of Plaintiffs' inexcusably late filing would prejudice Travelers because Travelers already timely submitted a reply brief and notice of non-opposition. *See* ECF No. 24. Moreover, Travelers is correct that Plaintiffs' "opposition" attempts to supplement briefing on Plaintiffs' motion to remand without authorization from the Court. Accordingly, the Court GRANTS Travelers request and hereby STRIKES Plaintiffs' "opposition," ECF No. 49, from the record.

On November 29, 2019, Plaintiffs filed the instant motion to remand and also requested attorney's fees and costs associated with remanding the case. ECF No. 16 ("Mot."). On January 13, 2020, Travelers filed an opposition, ECF No. 28 ("Opp'n"). On the same day, Defendants filed objections to a declaration submitted by Plaintiffs in support of their motion to remand. ECF No. 29. Defendants' objections are OVERRULED because the Court does not rely upon the material to which Defendants object and because the objections fail to comply with Civil Local Rule 7-3(a), which require that "any evidentiary and procedural objections to the motion must be contained within the brief or memorandum." On January 14, 2020, Plaintiffs filed a reply, ECF No. 30 ("Reply").

## II.   LEGAL STANDARD

### A. Motion to Remand

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must

4

1    remand the action to state court.  28 U.S.C. § 1447(c).

2            The party seeking removal bears the burden of establishing federal jurisdiction.  *Provincial*

3    *Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).  Moreover, the

4    party seeking to establish federal jurisdiction must meet this burden "by a preponderance of the

5    evidence."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) (quoting *McNutt v. General*

6    *Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) (emphasis omitted)).  "The removal statute is

7    strictly construed, and any doubt about the right of removal requires resolution in favor of

8    remand."  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing

9    *Gaus*, 980 F.2d at 566).

10           **B.  Request for Attorney's Fees and Costs**

11           Along with remand of a case upon unsuccessful removal, the district court may award "just

12   costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28

13   U.S.C. § 1447(c).  The award of fees and costs is in the discretion of the district court.  *Lussier v.*

14   *Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).  Nonetheless, "[a]bsent unusual

15   circumstances, courts may award attorney's fees under § 1447(c) only where the removing party

16   lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively

17   reasonable basis exists, fees should be denied."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132,

18   141 (2005).

19           The objective reasonableness of removal depends on the clarity of the applicable law and

20   whether such law "clearly foreclosed the defendant's basis of removal."  *Lussier*, 518 F.3d at

21   1066-67.  "If the law in the Ninth Circuit is not so clear as to make the removing party's endeavor

22   entirely frivolous, a court will deny the request for attorney's fees."  *Prado v. Dart Container*

23   *Corp. of Cal.*, 373 F. Supp. 3d 1281, 1285 (N.D. Cal. 2019) (quoting *Dev. Bank v. Arthur*, 2012

24   WL 1438834, at *7 (N.D. Cal. Apr. 25, 2012)).

25   **III.    DISCUSSION**

26           Plaintiffs move to remand this case to the California Superior Court for the County of

27
                                                           5
28   Case No. 19-CV-07493-LHK
     ORDER GRANTING MOTION TO REMAND; DENYING REQUEST FOR ATTORNEY'S FEES AND COSTS;
     AND DENYING AS MOOT MOTION TO DISMISS

United States District Court
Northern District of California

Santa Clara, and requests attorney's fees and costs associated with remand.  Travelers moves to dismiss for failure to state a claim, or in the alternative, for a more definite statement.

Because the Court must address jurisdictional concerns first, the Court begins with Plaintiffs' motion to remand.  *See, e.g.*, *Tucker v. Travelers Indem. Co. of Conn.*, No. 17-cv-04613-HSG2017, 2017 WL 10456186, at *1 (N.D. Cal. Oct. 4, 2017) ("Because subject-matter jurisdiction is a threshold issue, the Court addresses Plaintiffs' motion to remand first.").  The Court then addresses whether any award for attorney's fees and costs is warranted.  Finally, because the Court remands the case to state court, the Court denies as moot Travelers' motion to dismiss.

**A.  Plaintiffs' Motion to Remand**

Defendant Travelers removed the instant case to this Court based upon diversity jurisdiction.  Am. Removal at 2.  Plaintiffs raise three arguments in favor of remand.  First, Plaintiffs argue that the notice of removal was untimely.  Mot. at 3.  Second, Plaintiffs argue that Defendants have failed to establish subject matter jurisdiction.  *Id.* at 3–5.  Third, Plaintiffs argue that the removal was deficient because Defendant Tancredy failed to join in removal of the action.  *Id.* at 5.  Because the Court agrees with Plaintiffs that Defendants have failed to establish subject matter jurisdiction, the Court need not address Plaintiffs' remaining two arguments.

Specifically, as to the Court's subject matter jurisdiction over the instant suit, Travelers' only basis for federal jurisdiction in the instant case is diversity jurisdiction.  *See* Am. Removal at 2.  Under 28 U.S.C. § 1332(a)(1), federal courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States."  Additionally, this jurisdictional grant "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  "[I]n a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Abrego v. Dow Chem. Co.*,

Case No. 19-CV-07493-LHK
ORDER GRANTING MOTION TO REMAND; DENYING REQUEST FOR ATTORNEY'S FEES AND COSTS; AND DENYING AS MOOT MOTION TO DISMISS

United States District Court
Northern District of California

443 F.3d 676, 679 (9th Cir. 2006) (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)).

In this case, Travelers argued that the amount in controversy was met because Plaintiffs were seeking damages in excess of $75,000.  Am. Removal at 4.  As to diversity of citizenship, although Travelers acknowledged that complete diversity did not exist between all of the named parties, Travelers argued that the two individual Defendants, Killingsworth and Tancredy, were fraudulently joined and thus did not destroy complete diversity.  *Id.* at 3–4; *see McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (holding that fraudulently joined defendants do not defeat removal).

As an initial matter, the parties dispute if and when Tancredy was properly served with the summons and complaint.  *See* ECF No. 35.  However, the Court need not resolve this dispute because "the fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant" because "there is no diversity of citizenship." *Pullman Co. v. Jenkins*, 350 U.S. 534, 541 (1939); *see also Lopez v. General Motors Corp.*, 697 F.2d 1328, 1331 (9th Cir. 1983) (citing *Pullman* for the same proposition).  Accordingly, because Tancredy is named as a defendant in the complaint and because Tancredy shares citizenship in California with Plaintiff Chaganti, the Court must consider whether he has been fraudulently joined in order to determine if complete diversity exists.

Below, the Court first sets forth the standard for fraudulent joinder.  Next, the Court resolves the parties' dispute about the governing law in this case.  Finally, the Court considers whether Defendants have met their heavy burden to demonstrate that Tancredy was fraudulently joined.

### 1.  Fraudulent Joinder Standard

"Fraudulent joinder is a term of art" and does not require a showing of bad faith.  *Id.*  As this Court has previously explained, "[t]here is a 'general presumption against fraudulent joinder' and the defendant's burden of demonstrating that a joinder is fraudulent is a 'heavy' one." *Beutel*

United States District Court
Northern District of California

1   *v. Wells Fargo Bank N.A.*, No. 18-CV-03686-LHK, 2018 WL 3084660, at *2 (N.D. Cal. Jun. 22,

2   2018) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)).  Joinder is

3   fraudulent only when it is "obvious according to the settled rules of the state that [a plaintiff] has

4   failed to state a claim against [a joined defendant]."  *Hunter*, 582 F.3d at 1046.  This standard

5   imposes a very high bar on removing defendants, which "accords with the presumption against

6   removal jurisdiction, under which we strictly construe the removal statute, and reject federal

7   jurisdiction if there is any doubt as to the right of removal in the first instance."  *Grancare, LLC v.*

8   *Thrower ex rel. Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (quotation marks omitted).

9       The Ninth Circuit has repeatedly held that "if there is a *possibility* that a state court would

10  find that the complaint states a cause of action against any of the resident defendants, the federal

11  court must find that the joinder was proper and remand the case to the state court."  *Id.* at 548

12  (citation omitted); *see also Warner v. Select Portfolio Serv.*, 193 F. Supp. 3d 1132, 1137 (C.D.

13  Cal. 2016) (stating that defendants face an "immense burden" in proving fraudulent joinder).  "In

14  the Ninth Circuit, a non-diverse defendant is deemed to be fraudulently joined if, after all disputed

15  questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's

16  favor, the plaintiff could not possibly recover against the party whose joinder is questioned."  *Sun*

17  *v. Bank of America Corp.*, No. SACV 10-0004 AG (MLGx), 2010 WL 454720, at *3 (C.D. Cal.

18  Feb. 8, 2010) (citing *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)).

19  Additionally, "[f]raudulent joinder must be proven by clear and convincing evidence."  *Hamilton*

20  *Materials, Inc. v. Dow Chem. Corp.,* 494 F.3d 1203, 1206 (9th Cir. 2007).

21      Moreover, in *Grancare*, the Ninth Circuit clarified that "the test for fraudulent joinder and

22  for failure to state a claim under Rule 12(b)(6) are not equivalent."  *Grancare*, 889 F.3d at 549.

23  "A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily

24  been fraudulently joined" because "[a] standard that equates fraudulent joinder with Rule 12(b)(6)

25  conflates a jurisdictional inquiry with an adjudication on the merits."  *Id.*  Rather, "[b]ecause the

26  purpose of the fraudulent joinder doctrine is to allow a determination whether the district court has

27

28

Case No. 19-CV-07493-LHK
ORDER GRANTING MOTION TO REMAND; DENYING REQUEST FOR ATTORNEY'S FEES AND COSTS;
AND DENYING AS MOOT MOTION TO DISMISS

United States District Court
Northern District of California

United States District Court
Northern District of California

subject matter jurisdiction, the standard is similar to the "*wholly insubstantial and frivolous*" standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction." *Id.* (emphasis added). In other words, courts should only find that a defendant was fraudulently joined if any deficiency in the complaint cannot possibly be cured by granting the plaintiff leave to amend. *Id*. at 550 ("If a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there. For example, the district court must consider, as it did in this case, whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend.").

### 2.  Governing Law for Plaintiffs' Claims

Plaintiffs assert six different claims against Tancredy: (1) "declaratory judgment," (2) breach of contract, (3) breach of the duty of good faith and fair dealing, (4) "bad faith," (5) "misrepresentation and/or concealment of policy provisions," and (6) "conspiracy to injure." *See* Compl. ¶¶ 43–73, 77–79.

Plaintiffs contend that these causes of action would ordinarily be governed by Missouri substantive law, not California law as Travelers contends. Reply at 5–6; Opp'n at 4–6; *see Stonewall Surplus Lines Ins. Co. v. Johnson Controls, Inc.*, 14 Cal. App. 4th 637, 649 (1993) (applying insurance law of the "principal location of the risk involved"). However, Plaintiffs do not identify any conflicts between California law and Missouri law as to these substantive causes of action. *See* Reply at 5–6; *Stonewall*, 14 Cal. App. 4th at 642 ("The fact that two states are involved does not in itself indicate that there is a 'conflict of laws' or 'choice of law' problem. There is obviously no problem where the laws of the two states are identical."). Nor did Plaintiffs invoke Missouri law in their Complaint. *See* Compl.; *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 561 (9th Cir. 2019) (en banc) ("By default, California courts apply California law 'unless a party litigant timely invokes the law of a foreign state,' in which case it is 'the foreign law proponent' who must 'shoulder the burden of demonstrating that foreign law, rather than California law, should apply to class claims.'") (quoting *Wash. Mut. Bank, FA v. Superior Court*, 24 Cal. 4th 906, 921 (2001)). Accordingly, the Court agrees with Travelers and assumes that

9

California substantive law applies in the instant case.

Similarly, it is immaterial which state's pleading standards apply in the instant case. Generally, even if Missouri substantive law supplies the causes of action, California courts would apply California procedural law with respect to procedural issues, such as pleading standards. *See, e.g.*, *Galang v. Wells Fargo Bank, N.A.*, No 2:18-CV-01640-JAM-KJN, 2018 WL 6201952, at *4 (E.D. Cal. Nov. 28, 2018) (holding that, because a "court applies the procedural law of the forum," the forum's pleading standards governed) (citing Restatement (Second) of Conflict of Laws § 122). However, in a fraudulent joinder analysis, "all doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand," regardless of which pleading standards govern. *Moorhouse v. Bayer Healthcare Pharm., Inc.*, No. 08-01831 SBA, 2008 WL 2477389, at *2 (N.D. Cal. June 18, 2008) (quoting *Plute v. Roadway Package Sys.*, 141 F.Supp.2d 1005, 1008 (N.D. Cal. 2001)). As such, the Court does not consider whether Plaintiffs merely failed to technically satisfy the applicable pleading standards. Instead, as explained above, the Court must determine whether Plaintiffs "could not possibly recover against the party whose joinder is questioned." *See Mireles*, 845 F. Supp. 2d at 1063.

In sum, for purposes of the instant motion, the Court applies both California substantive law and California pleading standards to Plaintiffs' claims to the extent necessary.

### 3. Travelers Fails to Meet Its Burden To Show Fraudulent Joinder

Under the high standard for fraudulent joinder, the Court is not persuaded that Plaintiffs "could not possibly recover against" Tancredy. *See id.* The Court finds that Plaintiffs have established at least a possibility of recovery against Tancredy with respect to Plaintiffs' fifth cause of action for "misrepresentation and/or concealment of policy provisions," which the Court will refer to as Plaintiffs' "fraud claim." *See* Compl. ¶¶ 70–73. Because the Court finds that Plaintiffs have a possibility of relief against Tancredy based upon the fraud claim, the Court need not determine whether Plaintiffs might also recover under the other claims against Tancredy.

10

United States District Court
Northern District of California

1    Specifically, Plaintiffs' fraud claim alleges: "Though the [insurance] policy covered

2    Plaintiffs and the claims in the California suit, Travelers, Kiillingsworth and Tancredy either

3    affirmatively misrepresented that the policy would not so cover, or concealed the fact that the

4    policy would cover the claims in the California suit." Compl. ¶ 71. Travelers contends that

5    Plaintiffs' fraud claim against Tancredy fails as a matter of law for two reasons. First, Travelers

6    argues that California's litigation privilege bars this lawsuit because this lawsuit is based on

7    Tancredy's trial testimony in the California suit. Opp'n at 6. Second, Travelers argues that

8    Plaintiffs failed to plead any misrepresentation with specificity. *Id.* at 5-6. The Court addresses

9    each argument in turn below.

10    First, citing California Civil Code §47(b), Travelers argues that "[w]ith narrow exceptions

11    not alleged here, 'publications' in any 'judicial proceeding' are privileged and therefore cannot be

12    the basis for a tort claim." Opp'n at 6. By its terms, California Civil Code section 47(b) protects

13    "publication or broadcast[s]" made in "any (1) legislative proceeding, (2) judicial proceeding, (3)

14    . . . other official proceeding authorized by law." The statute provides a privilege that "bars a

15    civil action for damages," including all tort claims except for malicious prosecution. *Hagberg v.*

16    *Cal. Fed. Bank*, 81 P.3d 244, 248 (Cal. 2004). Thus, Travelers claims that Plaintiff's attempt to

17    sue Tancredy over his trial testimony in the California suit is barred.

18    However, the Court finds that California's litigation privilege does not necessarily apply to

19    Plaintiffs' fraud claim. Travelers' argument assumes that Plaintiffs' fraud claim alleges that

20    Tancredy's testimony in the California suit was false. *See* Opp'n at 6 ("[Plaintiffs] attempt to sue

21    Tancredy over his testimony in the underlying action . . . ."). Travelers relies on Chaganti's

22    declaration to argue that "the complaint against Tancredy is 'based on the testimony given by

23    [him]' in the underlying action brought by plaintiffs against Cricket in California." *Id* (citing

24    Chaganti Decl. ¶ 4). However, in actuality, Chaganti's declaration merely states: "This *suit* was

25    filed . . . based on the testimony given by Joseph Tancredy of Travelers . . . ." Chaganti Decl. ¶ 4

26    (emphasis added). Plaintiffs do not state that Tancredy's trial testimony was false.

27

28

11

1

2   Instead, as Plaintiffs clarify, "Tancredy is sued based on what he disclosed at the Cricket

3   trial, that he believed that the policy covered the loss to the property but remained silent and did

4   not come to the aid of the intended beneficiary of the policy."  Reply at 3.  Plaintiffs thus appear to

5   premise their fraud claim on Plaintiffs' belief that Tancredy's trial testimony in the California suit

6   was truthful and demonstrated that Tancredy's statements and omissions as a Travelers claims

7   adjuster to Plaintiffs constituted fraud.  As a result, Plaintiffs argue that Tancredy is liable for,

8   *inter alia*, "fraudulent concealment" for Tancredy's conduct as a claims adjuster and not as a trial

9   witness.  Reply at 3–4.  Plaintiffs' fraud claim is thus distinguishable from cases applying the

10  litigation privilege to bar a claim that trial testimony was false.  *See, e.g.*, *Herterich v. Peltner*, 20

11  Cal. App. 5th 1132, 1142 (2018) (explaining that the California Supreme Court "had 'showed no

12  hesitation' in applying the privilege to intentionally false testimony made in a judicial

13  proceeding") (quoting *Ribas v. Clark* 38 Cal. 3d 355, 365 ((1985)).  Because Plaintiffs may be

14  able to establish that Tancredy's statements and omissions as a Travelers claims adjuster

    constituted fraud, the Court finds that the litigation privilege does not necessarily apply.

15  Second, and relatedly, Travelers argues that Plaintiffs have failed to satisfy Federal Rule of

16  Civil Procedure 9(b)'s heightened pleading standards for claims of fraud, which require that

17  misrepresentations be pled with specificity.  Opp'n at 5–6.  Specifically, Travelers points to

18  Plaintiffs' lack of specificity with respect to the content of any misrepresentation, its falsity, and

19  any Plaintiffs' reliance on the misrepresentation.  *Id.*

20  As the Court noted above, federal pleading standards do not govern this analysis, which

21  instead inquires whether there is a possibility "that *a state court* would find that the complaint

22  states a cause of action against any of the resident defendants."  *Grancare*, 889 F.3d at 550

23  (citation omitted) (emphasis added); *see also Perez v. J.M. Smucker Co.*, No. 12CV853-CAB

24  BGS, 2012 WL 2334744, at *1 (S.D. Cal. June 19, 2012) ("While Defendants raise a Federal Rule

25  9(b) pleading argument, it is the state pleading standard that applies in a motion for remand.")

26  (citing *Hamilton*, 494 F.3d at 1206).  Moreover, even were the Court to agree that the lack of

27

28

12

*United States District Court*
*Northern District of California*

1   specificity required by Rule 9(b) doomed Plaintiff's fraud claim against Tancredy *as pleaded*, the

2   Court "must consider . . . whether a deficiency in the complaint can possibly be cured by granting

3   the plaintiff leave to amend."  *Grancare*, 889 F.3d at 550; *see also Nido v. Nationwide Mut. Ins.*

4   *Co.*, No. 19-CV-07724-LHK, 2020 WL 1865324 (N.D. Cal. Apr. 14, 2020) (rejecting the

5   defendant's argument based on Rule 9(b) in part because any deficiency could be cured by

6   amendment).  For example, Plaintiffs may be able to add allegations to show how Tancredy failed

7   to disclose Plaintiffs' coverage under the Cricket insurance policy despite Tancredy's belief that

8   Plaintiffs' losses were covered by the policy.  Thus, even though Defendants may be correct that

9   Plaintiffs' fraud claim lacks specificity, this technical deficiency alone cannot establish that

10  Tancredy was fraudulently joined, particularly because the deficiency may be cured through

11  amendment.

12      In sum, the Court finds that Plaintiffs may possibly prevail on their fraud claim against

13  Tancredy.  As a result, Travelers has failed to meet its burden of proving, by clear and convincing

14  evidence, that Tancredy was fraudulently joined in the instant action.  The Court therefore lacks

15  subject matter jurisdiction and must GRANT Plaintiffs' motion to remand.

16      **B. Plaintiffs' Request for Attorney's Fees and Costs**

17      Along with the motion to remand, Plaintiffs request an award of attorney's fees and costs

18  pursuant to 28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's

19  fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for

20  seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."

21  *Martin*, 546 U.S. at 141.  "[W]hether a removal is improper is not dispositive in determining

22  whether fees should be awarded under 28 U.S.C. § 1447(c)."  *Gardner v. UICI*, 508 F.3d 559, 562

23  (9th Cir. 2007).  Fees are awarded at the discretion of the district court.  *Toxic Injuries Corp. v.*

24  *Safety-Kleen Corp.*, 57 F. Supp. 2d 947, 957 (C.D. Cal. 1999); *see also Cal. Spine &*

25  *Neurosurgery Inst. v. Bos. Sci. Corp.*, No. 18-CV-07610-LHK, 2019 WL 1974901, at *5 (N.D.

26  Cal. May 3, 2019) (same).

13

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11

Though Plaintiffs prevailed in seeking remand, the Court, in its discretion, declines to award Plaintiffs any fees and costs.  Although Travelers' arguments were ultimately unsuccessful, there is no evidence that Travelers' arguments were "entirely frivolous." *Prado*, 373 F. Supp. 3d at 1285.  Moreover, Plaintiffs' conclusory pleadings played a hand in muddying the jurisdictional analysis at the time of removal.  For example, as discussed above, Plaintiffs' fraud claim lacked specificity and was only salvaged by Plaintiffs' briefing in support of remand.  *Compare* Compl. ¶¶ 70–73, *with* Reply at 3–8.  Additionally, Plaintiffs do not demonstrate the level of bad faith that courts have found would justify the imposition of costs and fees.  *See, e.g., Concept Chaser Co., Inc. v. Pentel of Am. Ltd.*, 2011 WL 4964963, at *3 (C.D. Cal. Oct. 18, 2011) (finding bad faith when defendant removed on the morning of trial based on a defense defendant had asserted since the start of litigation).

12

Accordingly, the Court DENIES Plaintiffs' request for attorney's fees and costs.

13

**C.  Traveler's Motion to Dismiss**

14
15
16

As stated above, the Court finds that it lacks subject matter jurisdiction because there is not complete diversity between the parties.  *See* 28 U.S.C. § 1332(a)(1).  Accordingly, the Court DENIES Traveler's motion to dismiss as moot.

17

**IV.    CONCLUSION**

18
19
20
21
22

For the foregoing reasons, the Court GRANTS Plaintiffs' motion to remand, REMANDS the instant case to the California Superior Court for the County of Santa Clara, and DENIES Plaintiffs' request for attorney's fees.  Because the Court lacks subject matter jurisdiction over the instant case, the Court DENIES Defendants' motion to dismiss as moot.  The Clerk shall close the file.

23

**IT IS SO ORDERED.**

24

Dated: May 14, 2020

25
26

*Lucy H. Koh*

_____
LUCY H. KOH
United States District Judge

27
28

14

Case No. 19-CV-07493-LHK
ORDER GRANTING MOTION TO REMAND; DENYING REQUEST FOR ATTORNEY'S FEES AND COSTS; AND DENYING AS MOOT MOTION TO DISMISS